# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00997

DEANN MILLER, as surviving spouse of SCOTT MILLER, deceased,

    Plaintiff,

v.

MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC; TOTAL QUALITY LOGISTICS, LLC; INTSEL STEEL WEST, LLC; TRIPLE-S STEEL HOLDINGS, INC.; SEARING INDISTRIES, INC.; and IGNACIO CRUZ-MENDOZA, an individual;

    Defendants,

_____

## DEFENDANT IGNACIO CRUZ-MENDOZA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
_____

    DEFENDANT, Ignacio Cruz-Mendoza ("Defendant"), by and through his attorneys, Patterson Ripplinger, P.C., hereby submits his Answer to Plaintiff's Amended Complaint and Jury Demand:

    1.    Defendant is without sufficient information and knowledge to admit or deny the allegation but believes the same to be true.

    2.    This allegation states or purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with the stated statutes.

    3.    Defendant is without sufficient information and knowledge to admit or deny the allegation but believes the same to be true.

4.      This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

5.      This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

6.      This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

7.      This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

8.      This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

9.      This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient

information and knowledge to admit or deny this allegation and therefore the same is denied.

10.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

11.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

12.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

13.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

14.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

15.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

16.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

17.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

18.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

19.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

20.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient

information and knowledge to admit or deny this allegation and therefore the same is denied.

21.    This allegation is directed at another defendant and therefore no response is required.   To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

22.    This allegation is directed at another defendant and therefore no response is required.   To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

23.    Paragraph 23 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  To the extent a response is required, Defendant admits he is a Mexican immigrant and admits Defendant was recently deported.

24.    No response required.

25.    This allegation is directed at another defendant and therefore no response is required.   To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

26.    This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

27.     This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

28.     This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

29.     This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

30.     Defendant denies the allegations related to being unlicensed.  Defendant is without sufficient information and knowledge to admit or deny the remaining allegations and therefore the same are denied.

31.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

32.     Defendant admits he was hauling steel beams at the time of the accident. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations and therefore the same are denied.

33.    Defendant admits he was hauling steel pipes at the time of the accident. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations and therefore the same are denied.

34.    This allegation is directed at another defendant and therefore no response is required.    To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

35.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

36.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

37.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

38.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

39.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

40.    This allegation appears to be directed at another defendant and therefore no response is required.    To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

41.    This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

42.    This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

43.    This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

44.    This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

45.    This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

46.    This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is

required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

47.     This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

48.     This allegation appears to be directed at another defendant and therefore no response is required.  To the extent it is directed at Defendant and a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

49.      Defendant is without sufficient information and knowledge to admit or deny this allegation bur does not believe the Decedent caused or contributed to the accident.

50.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

51.     Denied.

52.     Denied.

53.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

54.     Paragraph 54 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  Further, this allegation states or purports to state legal

conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

55.     Paragraph 55 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

56.     Paragraph 56 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

57.     Paragraph 57 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

58.     Denied.

## OPERATIVE FACTS COMMON TO ALL COUNTS

59.     No response required.

60.     Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

61.     Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

62.     Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

63.     Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

64.     Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

65.     Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

66.     Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

67.     Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

68.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

69.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

70.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

71.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

72.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

73.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

74.    Defendant states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

75.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

76.    Defendant admits the accident occurred at or around the date, time and location alleged and that he was hauling steel pipes.  Defendant is without sufficient information and knowledge to admit or deny the remaining allegations and therefore the same are denied.

77.    Defendant is without sufficient information and knowledge to admit or deny this allegation but believes the same to be true.

78.    Denied.

79.    Defendant admits his vehicle made contact with a vehicle in front of him after his brakes failed.  Defendant denies the remaining allegations.

80.    Defendant admits that at some his load began to spill.  Defendant denies the remaining allegations.

81.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

82.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

83.    Defendant admits Scott Miller passed away as a result of his injuries.

84.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

85.     Denied.

86.     Denied.

87.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

88.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

89.     This allegation is directed at another defendant and therefore no response is required.   To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

90.     This allegation is directed at another defendant and therefore no response is required.   To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

91.     This allegation is directed at another defendant and therefore no response is required.   To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.   Defendant further states any deposition testimony with speak for itself and Defendant denies any allegation inconsistent with the cited testimony.

92.     Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

93.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

99.     This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

100.    This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

101.    Paragraph 101 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

102.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

103.    This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

104.    This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

105.    This allegation is directed at another defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

106.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

107.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

108.    This allegation is directed at another defendant and therefore no response is required.  This allegation also states or purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

109.    Defendant is without sufficient information and knowledge to admit or deny this allegation but believes the same to be true.

## COUNT I

## WRONGFUL DEATH

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING, LLC, TOTAL QUALITY LOGISTICS, LLC, INTSEL STEEL WEST, LLC, TRIPLE-2 STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. AND IGNACIO CRUZ-MENDOZA**

110.    No response required.

111.    Paragraph 111 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  To the extent a response is required, the cited statute speaks for itself.

112.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

113.    Paragraph 113 is not a proper allegation under Fed.R.Civ.P. 8.  As a result, no response is required.  To the extent a response is required, the cited statute speaks for itself.

114.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

115.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

116.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

117.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

## COUNT II

## NEGLIGENCE/RECKLESSNESS

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING, LLC, TOTAL QUALITY LOGISTICS, LLC, INTSEL STEEL WEST, LLC, TRIPLE-2 STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. and IGNACIO CRUZ-MENDOZA**

118.    No response required.

119.    This allegation states or purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

120.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

121.    Defendant is without sufficient information and knowledge to admit or deny and therefore the same is denied.

## COUNT III

## NEGLIGENT and/or RECKLESS HIRING/SUPERVISION/RETENTION/"NEGLIGENT SELECTION" OF IGNACIO CRUZ-MENDOZA

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE**

**AGRAMON d/b/a MONIQUE TRUCKING, LLC, TOTAL QUALITY LOGISTICS, LLC,
INTSEL STEEL WEST, LLC, TRIPLE-2 STEEL HOLDINGS, INC., AND SEARING
INDUSTRIES, INC.**

122.    No response required.

123.    This allegation is directed at another defendant and therefore no response is required.

124.    This allegation is directed at another defendant and therefore no response is required.

125.    This allegation is directed at another defendant and therefore no response is required.

126.    This allegation is directed at another defendant and therefore no response is required.

127.    This allegation is directed at another defendant and therefore no response is required.

128.    This allegation is directed at another defendant and therefore no response is required.

129.    This allegation is directed at another defendant and therefore no response is required.

130.    This allegation is directed at another defendant and therefore no response is required.

## COUNT IV

## NEGLIGENT UNDERTAKING

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING, LLC**

131.    No response required.

132.    This allegation is directed at another defendant and therefore no response is required.

133.    This allegation is directed at another defendant and therefore no response is required.

134.    This allegation is directed at another defendant and therefore no response is required.

135.    This allegation is directed at another defendant and therefore no response is required.

136.    This allegation is directed at another defendant and therefore no response is required.

137.    This allegation is directed at another defendant and therefore no response is required.

138.    This allegation is directed at another defendant and therefore no response is required.

139.    This allegation is directed at another defendant and therefore no response is required.

140.    This allegation is directed at another defendant and therefore no response is required.

141.    This allegation is directed at another defendant and therefore no response is required.

142.    This allegation is directed at another defendant and therefore no response is required.

143.    This allegation is directed at another defendant and therefore no response is required.

## COUNT V

### NEGLIGENT and/or RECKLESS HIRING/SUPERVISION/RETENTION/"NEGLIGENT SELECTION" OF MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING, LLC

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. TOTAL QUALITY LOGISTICS, LLC, INTSEL STEEL WEST, LLC, TRIPLE-2 STEEL HOLDINGS, INC., AND SEARING INDUSTRIES, INC.**

144.    No response required.

145.    This allegation is directed at another defendant and therefore no response is required.

146.    This allegation is directed at another defendant and therefore no response is required.

147.    This allegation is directed at another defendant and therefore no response is required.

148.    This allegation is directed at another defendant and therefore no response is required.

149.    This allegation is directed at another defendant and therefore no response is required.

150.    This allegation is directed at another defendant and therefore no response is required.

151.    This allegation is directed at another defendant and therefore no response is required.

152.    This allegation is directed at another defendant and therefore no response is required.

153.    This allegation is directed at another defendant and therefore no response is required.

## COUNT VI

## NEGLIGENT UNDERTAKING

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. TOTAL QUALITY LOGISTICS, LLC**

154.    No response required.

155.    This allegation is directed at another defendant and therefore no response is required.

156.    This allegation is directed at another defendant and therefore no response is required.

157.    This allegation is directed at another defendant and therefore no response is required.

158.    This allegation is directed at another defendant and therefore no response is required.

159.    This allegation is directed at another defendant and therefore no response is required.

160.    This allegation is directed at another defendant and therefore no response is required.

161.    This allegation is directed at another defendant and therefore no response is required.

162.    This allegation is directed at another defendant and therefore no response is required.

163.    This allegation is directed at another defendant and therefore no response is required.

164.    This allegation is directed at another defendant and therefore no response is required.

165.    This allegation is directed at another defendant and therefore no response is required.

## COUNT VII

## NEGLIGENT UNDERTAKING

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. INTSEL STEEL WEST, LLC**

166.    No response required.

167.    This allegation is directed at another defendant and therefore no response is required.

168.    This allegation is directed at another defendant and therefore no response is required.

169.    This allegation is directed at another defendant and therefore no response is required.

170.    This allegation is directed at another defendant and therefore no response is required.

171.    This allegation is directed at another defendant and therefore no response is required.

172.    This allegation is directed at another defendant and therefore no response is required.

173.    This allegation is directed at another defendant and therefore no response is required.

174.    This allegation is directed at another defendant and therefore no response is required.

175.    This allegation is directed at another defendant and therefore no response is required.

176.    This allegation is directed at another defendant and therefore no response is required.

177.    This allegation is directed at another defendant and therefore no response is required.

## COUNT VIII

## NEGLIGENT UNDERTAKING

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. TRIPLE-S STEEL HOLDINGS, INC.**

178.    No response required.

179.    This allegation is directed at another defendant and therefore no response is required.

180.    This allegation is directed at another defendant and therefore no response is required.

181.    This allegation is directed at another defendant and therefore no response is required.

182.    This allegation is directed at another defendant and therefore no response is required.

183.    This allegation is directed at another defendant and therefore no response is required.

184.    This allegation is directed at another defendant and therefore no response is required.

185.    This allegation is directed at another defendant and therefore no response is required.

186.    This allegation is directed at another defendant and therefore no response is required.

187.    This allegation is directed at another defendant and therefore no response is required.

188.    This allegation is directed at another defendant and therefore no response is required.

189.    This allegation is directed at another defendant and therefore no response is required.

## COUNT IX

## NEGLIGENT UNDERTAKING

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. SEARING INDUSTRIES, INC.**

190.    No response required.

191.    This allegation is directed at another defendant and therefore no response is required.

192.    This allegation is directed at another defendant and therefore no response is required.

193.    This allegation is directed at another defendant and therefore no response is required.

194.    This allegation is directed at another defendant and therefore no response is required.

195.    This allegation is directed at another defendant and therefore no response is required.

196.    This allegation is directed at another defendant and therefore no response is required.

197.    This allegation is directed at another defendant and therefore no response is required.

198.    This allegation is directed at another defendant and therefore no response is required.

199.    This allegation is directed at another defendant and therefore no response is required.

200.    This allegation is directed at another defendant and therefore no response is required.

201.    This allegation is directed at another defendant and therefore no response is required.

## COUNT X

## JOINT VENTURE

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING, LLC, TOTAL QUALITY LOGISTICS, LLC, INTSEL STEEL WEST, LLC, TRIPLE-2 STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. AND IGNACIO CRUZ-MENDOZA**

202.    No response required.

203.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

204.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

205.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

206.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

207.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

208.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

209.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

210.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

211.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

212.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

213.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

214.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

215.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

## COUNT XI

## JOINT VENTURE

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING, LLC, TOTAL QUALITY LOGISTICS, LLC, INTSEL STEEL WEST, LLC, TRIPLE-2 STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. AND IGNACIO CRUZ-MENDOZA**

216.    No response required.

217.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

218.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

219.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

220.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

221.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

222.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

223.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

224.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

225.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

226.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

227.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

228.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

229.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

230.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

231.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

232.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

233.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

234.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

235.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

236.    Defendant is without sufficient information and knowledge to admit or deny this allegation and therefore the same is denied.

## GENERAL DENIAL

237.    Defendant denies all allegations not expressly admitted herein.

## ADDITIONAL DEFENSES

1.    Plaintiff is  not entitled to recover any amount paid or provided by a collateral source within contemplation of C.R.S. § 13-21-111.5.

2.    Plaintiff's damages for wrongful death are limited pursuant to C.R.S. § 13-21-201 *et seq.*

3.    Plaintiffs' damages for wrongful death are limited pursuant to C.R.S. § 13-21-203.

4.    At the time of the accident, Defendant experienced a sudden failure of the vehicle's brakes.

5.    Defendant reserves the right to amend these affirmative defenses or add additional affirmative defenses as may become appropriate after further investigation and discovery.

WHEREFORE, Defendant Ignacio Cruz-Mendoza, prays for an order dismissing Plaintiff's claims against him, entering judgment in his favor and against Plaintiff, awarding him costs and expert witness fees, and providing for such other relief as the Court deems just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY OF SIX (6) PERSONS AS TO ALL ISSUES SO TRIABLE**

DATED this 9th day of September, 2025.

Respectfully submitted,

**PATTERSON RIPPLINGER, P.C.**

*s/ KEVIN G. RIPPLINGER*

_____
Kevin G. Ripplinger
*Attorneys for Defendant Ignacio Cruz-Mendoza*
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Telephone: (303) 741-4539
Email: kripplinger@prpclegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2025, a true and correct copy of the above and foregoing **DEFENDANT IGNACIO CRUZ-MENDOZA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was served upon the following via CM/ECF:

Dan J. Caplis
Babar Waheed
Cajardo Lindsey
The Dan Caplis Law Firm, LLC
6400 S. Fiddlers Green Circle, Ste. 220
Greenwood Village, CO 80111
dan@caplislaw.com
bw@caplislaw.com
cajardo@caplislaw.com
(*Attorney for Plaintiff*)

Brittney A. Vig
Christopher D. Yvars
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street., Ste. 1700
Denver, CO 80202
Brittney.vig@wilsonelser.com
Chris.yvars@wilsonelser.com
(*Attorneys for Defendant Monique Trucking, LLC*)

_s/ Chloe Alcazar_
Chloe Alcazar
Email: calcazar@prpclegal.com