IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00997-TPO

**DEANNE MILLER,**

Plaintiff,

v.

**MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC., and IGNACIO CRUZ-MENDOZA,**

Defendants.

### ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

Defendant Searing Industries, Inc. ("Searing" or "Defendant"), submits the following Answer to Amended Complaint and Jury Demand:

### PARTIES, JURISDICTION, AND VENUE

1. Admitted, upon information and belief.

2. This is not a factual allegation but a legal conclusion to which no response is required. To the extent Paragraph 2 may be construed to state factual allegations against Searing, such allegations are denied.

3. Admitted, upon information and belief.

4. Denied for lack of information.

5. Denied for lack of information.

6. Denied for lack of information.

7. Denied for lack of information.

8. Denied for lack of information.

1

9. Denied for lack of information.

10. Denied for lack of information.

11. Admitted, upon information and belief.

12. Denied for lack of information.

13. Admitted, upon information and belief.

14. Admitted, upon information and belief.

15. Denied for lack of information.

16. Denied for lack of information.

17. Denied for lack of information.

18. Denied for lack of information.

19. Denied for lack of information.

20. Denied for lack of information.

21. Admitted.

22. Admitted.

23. Denied for lack of information.

24. This is not a factual allegation, but a statement about how Plaintiff would like the term "Defendants" to be defined. No response is required. To the extent Paragraph 24 could be construed to state factual allegations against Searing, such allegations are denied.

25. Denied with respect to Searing.

26. Denied with respect to Searing.

27. Denied with respect to Searing.

28. Denied with respect to Searing.

29. Denied with respect to Searing.

30. Denied with respect to Searing.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. This is not a factual allegation but a purported legal conclusion to which no response is required. To the extent that Paragraph 35 may be construed to state factual allegations with respect to Searing, such allegations are denied.

36. Denied with respect to Searing.

37. Denied with respect to Searing.

38. Denied with respect to Searing.

39. Denied with respect to Searing.

40. Denied with respect to Searing.

41. Denied with respect to Searing.

42. Denied with respect to Searing.

43. Denied with respect to Searing.

44. Denied with respect to Searing.

45. Denied with respect to Searing.

46. This is not a factual allegation but a purported legal conclusion to which no response is required. To the extent that Paragraph 46 may be construed to state factual allegations with respect to Searing, such allegations are denied.

47. Denied with respect to Searing.

48. Denied with respect to Searing.

49. Denied for lack of information.

50. Searing denies any wrongdoing or that Plaintiff is entitled to any damages or other relief from Searing and all other allegations in Paragraph 50 with respect to it.

51. Denied.

52. Denied.

53. Admitted, upon information and belief.

54. This is not a factual allegation but a purported statement of law to which no response is required.

55. Denied for lack of information.

56. Denied for lack of information.

57. Denied.

58. Denied.

### (ALLEGED) OPERATIVE FACTS COMMON TO ALL COUNTS

59. Searing incorporates all responses to the preceding paragraphs by reference.

60. Denied.

61. Denied.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied with respect to Searing.

69. Denied with respect to Searing.

70. Denied with respect to Searing.

71. Denied.

72. Denied with respect to Searing.

73. Denied with respect to Searing.

74. Searing denies that it employed "security officers" to regulate the actions of Mr. Cruz-Mendoza, that it had any obligation to monitor the actions of Mr. Cruz-Mendoza or any liability for his actions, and all other allegations in Paragraph 74.

75. Denied with respect to Searing.

76. Denied with respect to Searing.

77. Admitted upon information and belief.

78. Denied for lack of information.

79. Denied for lack of information.

80. Denied for lack of information.

81. Denied for lack of information.

82. Denied for lack of information.

83. Searing admits that Mr. Miller was killed on June 11, 2024.

84. Admitted.

85. Denied for lack of information.

86. Denied for lack of information.

87. Denied with respect to Searing.

88. Denied with respect to Searing.

89. Denied with respect to Searing.

5

90. Denied with respect to Searing.

91. Denied.

92. Denied for lack of information.

93. Denied with respect to Searing.

94. Denied for lack of information.

95. Denied for lack of information.

96. Denied for lack of information.

97. Denied for lack of information.

98. Denied with respect to Searing.

99. Denied with respect to Searing.

100. Denied with respect to Searing.

101. Admitted.

102. Admitted.

103. Denied with respect to Searing.

104. Denied with respect to Searing.

105. Denied with respect to Searing.

106. Denied for lack of information.

107. Denied for lack of information.

108. Denied with respect to Searing.

109. Denied for lack of information.

**COUNT I**
**WRONGFUL DEATH**
**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. AND IGNACIO CRUZ-MENDOZA**

110. Searing incorporates all responses to the preceding paragraphs by reference.

111. This is not a factual allegation but a statement of Plaintiff's legal theories. No response is required. To the extent that Paragraph 111 may be construed to state factual allegations against Searing, such allegations are denied.

112. Denied with respect to Searing.

113. Searing denies Plaintiff is entitled to any damages under the Wrongful Death Act from Searing and any additional allegations in Paragraph 113.

114. Searing denies Plaintiff is entitled to any damages under the Wrongful Death Act from Searing and any additional allegations in Paragraph 114.

115. Searing denies Plaintiff is entitled to any damages under the Wrongful Death Act from Searing and any additional allegations in Paragraph 115.

116. Searing denies Plaintiff is entitled to any damages under the Wrongful Death Act from Searing and any additional allegations in Paragraph 116.

117. Denied with respect to Searing.

**COUNT II**
**NEGLIGENCE/RECKLESSNESS**
**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. as being vicariously liable for IGNACIO CRUZ-MENDOZA**

118. Searing incorporates all responses to the preceding paragraphs by reference.

119. Denied with respect to Searing, including all subparagraphs.

120. Denied.

121. Denied.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION / "NEGLIGENT SELECTION" OF IGNACIO CRUZ-MENDOZA
## DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC

122. Searing incorporates all responses to the preceding paragraphs by reference.

123. Denied with respect to Searing.

124. This is not a factual allegation but a purported quote from a treatise to which no response is required. To the extent a response is required, Searing denies it was Mr. Cruz-Mendoza's employer, that it has any responsibility for his alleged conduct, and all other allegations in Paragraph 124.

125. Denied with respect to Searing.

126. Denied for lack of information.

127. Denied with respect to Searing.

128. Denied with respect to Searing, including all subparagraphs.

129. Denied.

130. Denied.

## COUNT IV
## NEGLIGENT UNDERTAKING
## DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC

131-143. These allegations are not directed at Searing and no response is required. Searing denies any wrongdoing or that Plaintiff is entitled to any relief or damages from Searing.

## COUNT V
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION / "NEGLIGENT SELECTION" OF MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC
## DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. TOTAL QUALITY LOGISTICS LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC

144. Searing incorporates all responses to the preceding paragraphs by reference.

145. Denied with respect to Searing.

146. This is not a factual allegation but a purported quote from a treatise to which no response is required. To the extent a response is required, Searing denies it was Mr. Cruz-Mendoza's employer, that had any responsibility for his alleged conduct, and all other allegations in Paragraph 146.

147. Denied with respect to Searing.

148. Denied for lack of information.

149. Denied with respect to Searing.

150. Denied with respect to Searing, including all subparagraphs.

151. Denied with respect to Searing, including all subparagraphs.

152. Denied.

153. Denied.

## COUNT VI
## NEGLIGENT UNDERTAKING
## DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. TOTAL QUALITY LOGISTICS LLC

154.-165. These allegations are not directed at Searing and no response is required. Searing denies any wrongdoing or that Plaintiff is entitled to any relief or damages from Searing.

## COUNT VII
## NEGLIGENT UNDERTAKING
## DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. INTSEL STEEL WEST LLC

166.-177.   These allegations are not directed at Searing and no response is required.

Searing denies any wrongdoing or that Plaintiff is entitled to any relief or damages from Searing.

## COUNT VIII
## NEGLIGENT UNDERTAKING
## DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. TRIPLE-S STEEL HOLDINGS, INC.

178.-189.   These allegations are not directed at Searing and no response is required.

Searing denies any wrongdoing or that Plaintiff is entitled to any relief or damages from Searing.

## COUNT IX
## NEGLIGENT UNDERTAKING
## DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. SEARING INDUSTRIES, INC

190.   Searing incorporates all responses to the preceding paragraphs by reference.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied, including all subparagraphs.

200.   Denied.

201. Denied.

# COUNT X
# JOINT VENTURE
# DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. AND IGNACIO CRUZ-MENDOZA

202. Searing incorporates all responses to the preceding paragraphs by reference.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

# COUNT XI
# JOINT ENTERPRISE LIABILITY
# DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased v. MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. AND IGNACIO CRUZ-MENDOZA

216. Searing incorporates all responses to the preceding paragraphs by reference.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

## ADDITIONAL ANSWER

237. Searing denies all allegations not specifically admitted above, including any allegations that may be contained in Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Upon information and belief, Plaintiff has failed to mitigate damages, if any, as required by law.

3. The damages claimed by Plaintiff are barred or reduced by the provisions of C.R.S. § 13-21-111 and C.R.S. § 13-21-111.5.

4. In the event that a verdict is returned in favor of Plaintiff, Defendant is entitled to a reduction of a damage award, if any, to the extent of any payments made to Plaintiff from a collateral source, pursuant to C.R.S. § 13-21-111.6.

5. Plaintiff may not be the real party in interest with respect to some or all the claimed damages and Defendant is not the correct party in this action.

6. Plaintiff is hereby notified that Defendant reserves the right to designate non-parties at fault pursuant to C.R.S. § 13-21-111.5. In the event of (1) a settlement between Plaintiff and any other defendant and/or tortfeasor and/or third party; (2) a judgment in favor of Plaintiff against any other person or entity who may be joined in this action or in a proceeding involving the same incident, events, or alleged damages at issue in this case; or (3) a dismissal of or judgment in favor of any other party to this action, Plaintiff is hereby notified that Defendant reserves the right to designate all such settling parties, dismissed parties, parties who received judgment, or third parties as potential nonparties at fault pursuant to C.R.S. § 13-21-111.5.

7. Plaintiff is further notified that Defendant claims a right of contribution and/or a statutory credit for the amount of any such settlements or judgments pursuant to C.R.S. § 13-50.5-103 - C.R.S. § 13-50.5-105. In addition, Defendant incorporates herein by reference the designations of potential nonparties at fault that may be provided by other parties to this action.

8. Plaintiff's damages, if any, may be the result of intervening and/or superseding causes.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

10. Plaintiff's alleged damages are barred or reduced by the provisions of C.R.S. § 13-21-102.5. Any amendments to C.R.S. § 13-21-102.5 or other statutory amendments that are intended to apply retrospectively to the claims at issue are unconstitutional and unenforceable.

11. Plaintiff's alleged damages are barred or reduced by the provisions of C.R.S. § 13-21-203.

12. Plaintiff's claims are substantially frivolous, groundless, vexatious and/or unreasonably and vexatiously multiply this proceeding, and Defendant is entitled to an award of attorney fees pursuant to C.R.S. § 13-17-102 and 28 U.S.C. § 1927.

13. Plaintiff's claims lack a Rule 11 basis and Defendant is entitled to an award of attorney fees and costs as a sanction.

WHEREFORE, having answered Plaintiff's Amended Complaint, Defendant requests that judgment be entered in their favor and against Plaintiff on all claims, and that Defendant be awarded its costs, expert witness fees, attorney fees, litigation costs and expenses, and all other further relief that the Court deems just and proper.

**DEFENDANT DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on October 27, 2025.

*/s/ Gordon A. Queenan*
Michael J. Decker, Esq.
Gordon A. Queenan, Esq.
Murphy & Decker, P.C.
730 17th St., Suite 925
Denver, CO, 80202
Telephone: (914) 844-9137
FAX: (303) 468-5981
mdecker@murphydecker.com
gqueenan@murphydecker.com
*Attorneys for Searing Industries, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                      */s/ Gordon A. Queenan*
                                      Gordon A. Queenan