IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00997-TPO

DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased,

     Plaintiff,

v.

MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC;
TOTAL QUALITY LOGISTICS, LLC;
INTSEL STEEL WEST LLC;
TRIPLE-S STEEL HOLDINGS, INC.;
SEARING INDUSTRIES, INC.; and
IGNACIO CRUZ-MENDOZA;

     Defendants.

---

**DEFENDANT TOTAL QUALITY LOGISTICS, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME [ECF 64]**

---

Defendant Total Quality Logistics, LLC ("TQL") submits this Response to Plaintiff's Motion for Extension of Time ("Motion for Extension") [ECF 64].[1]

## I.    INTRODUCTION AND BACKGROUND

On November 10, 2025, TQL filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"). [ECF 62.] TQL's Motion to Dismiss challenges the sufficiency of Plaintiff's allegations under Rule 8 and Rule 12(b)(6). TQL's Motion to Dismiss also raises a federal preemption defense under the Federal Aviation Administration Authorization Act of 1994 (the "FAAAA") based on the allegations on the face of Plaintiff's Amended Complaint. [*See generally* ECF 62.]

---

[1] As noted in Plaintiff's Motion, TQL does not object to a 21-day extension of time to respond to TQL's Motion to Dismiss, so long as the extension is not tied to the disclosure of documents or other discovery.

In her Motion for Extension, Plaintiff requests that her deadline to respond to the Motion to Dismiss be extended to fourteen days after a to-be-scheduled conference conducted pursuant to Rule 26(f) (*see* Mot. ¶¶ 15–16), which Plaintiff believes is warranted because "[t]he <u>mandatory disclosures</u> exchanged pursuant to Rule 26 may certainly contain information used to support Plaintiff's position and disprove Defendants' various positions." (*Id.* ¶ 11.) Plaintiff then identifies two potential documents that might bolster her claims against Defendant Intsel Steel West – a bill of lading and a Master Transportation Agreement. (*Id.* ¶¶ 12–13.) She identifies no documents she expects to be produced with initial disclosures that would support her claims against TQL. (*See generally id.*)

Plaintiff's request for an undefined extension of time tied to the timing of document disclosures under Rule 26(a)(1) should be rejected. The Court cannot – and should not – consider *any* additional documents in deciding the issues raised in the Motion to Dismiss because the Court's analysis in deciding a Rule 12(b)(6) motion is confined to the pleadings. Regardless, Plaintiff has not identified any specific documents TQL might produce that would support her claims. Instead, she asks the Court to permit a fishing expedition for documents and information to support her facially deficient claims. The Court should reject Plaintiff's invitation to do so.

## II.    ARGUMENT

There is no reason to extend Plaintiff's deadline to respond to a date tied to the Rule 26 conference or Rule 26(a)(1) disclosures because documents produced by TQL, if any, cannot be considered by the Court in resolving the Motion to Dismiss. "The court's function on a Rule 12(b)(6) motion is *not* to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief

may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (emphasis added). "It is well-established … that in determining whether to grant a motion to dismiss, the district court … [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).

Consistent with these principles, courts in this District routinely reject the maneuver that Plaintiff attempts here – attempts to delay dismissal based on speculative discovery. For example, in *Farris v. Stepp*, No 20-cv-02346-DDD-NYW, 2021 WL 5200210, at *14 (D. Colo. Nov. 9, 2021), the Court rejected a similar argument that claims not be dismissed where the plaintiff argued that information disclosed in discovery might support them. The Court explained:

> The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true," i.e., whether Plaintiff has alleged sufficient facts showing that he has a plausible claim. And the case law is clear that judges are trusted to prevent discovery from becoming "fishing expeditions" or an undirected rummaging for evidence of some unknown wrongdoing." ***The speculation that Plaintiff might uncover evidence during discovery which would bolster his claims has no bearing on whether he has met the pleading standards required in federal court.***

*Id.* (citations omitted; emphasis added); *see also, e.g.*, *MAGicAll, Inc. v. Adv. Energy Indus., Inc.*, No. 17-cv-02582-RBJ, 2018 WL 3619720, at *9 (D. Colo. July 30, 2018) (a plaintiff may not initiate litigation "because [s]he thinks that the defendant might have done something wrong and hopes to find something in discovery that will show it"); *Sandy v. Colorado*, No. 22-cv-00413-DDD-SKC, 2023 WL 9284564, at *9 (D. Colo. Mar. 27, 2023) ("the purpose of discovery is not to permit 'fishing expeditions' for plaintiffs hoping to find support for their claims").

Regardless, Plaintiff fails to identify any specific information or documents she expects TQL to produce with initial disclosures that would or could bolster her claims. (*See generally* Mot.)

Initial disclosures under Rule 26(a)(1) are not a mechanism to cure pleading deficiencies.[2] Plaintiff "is not entitled to a fishing expedition to make [her] case." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 949331, at *4 (D. Colo. Mar. 11, 2021). "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Viegas v. Rojas*, No. 24-cv-03174-PAB-STV, 2025 WL 1560782, at *3 (D. Colo. June 3, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Plaintiff's attempt to rely on unknown, speculative documents cannot salvage her facially deficient claims.

## III.    CONCLUSION

Defendant Total Quality Logistics, LLC requests the Court deny Plaintiff's request to extend her deadline to respond to the Motion to Dismiss to 14-days after the scheduling conference, and instead allow Plaintiff a 21-day extension of time to respond.

DATED: November 26, 2025

TAFT STETTINIUS & HOLLISTER LLP

*s/ Allison R. Burke*
Allison Burke (#54916 )
Theodore J. O'Brien (#61623)
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
Email: aburke@taftlaw.com
　　　　tobrien@taftlaw.com

*Attorneys for Defendant Total Quality Logistics, LLC*

---

[2] Plaintiff's request approach to delay her response pending receipt of initial disclosures undermines the purpose of Fed. R. Civ. P. 11(b), which requires that factual contentions in a pleading have evidentiary support or, at a minimum, are likely to have such support after a reasonable opportunity for investigation – *not* after speculative discovery.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2025, a true and correct copy of the foregoing **DEFENDANT TOTAL QUALITY LOGISTICS, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME [ECF 64]** was filed with the Clerk of the Court using the CM/ECF and a true and correct copy of the foregoing was served on all counsel of record.

*s/Faith Brockman*
Faith Brockman, Legal Assistant