IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00997-TPO

**DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased**

PLAINTIFF,

v.

**MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC, TOTAL QUALITY LOGISTICS, LLC, INTSEL STEEL WEST LLC, TRIPLE-S STEEL HOLDINGS, INC., SEARING INDUSTRIES, INC. and IGNACIO CRUZ-MENDOZA**

DEFENDANTS.

---

**DEFEDNANTS INTSEL STEEL WEST, LLC AND TRIPLE-S STEEEL HOLDINGS, INC'S RESPOSNE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME [ECF 64]**

---

Defendants, Intsel Steel West LLC ("Intsel") and Triple-Steel Holdings, Inc. ("Triple-S," together "Defendants" herein), by and through their undersigned counsel here by submits the following Response to Plaintiff's Motion for Extension of Time [ECF 64] and states as follows:

## I.    INTRODUCTION AND BACKGROUND

As it relates to Defendants, on August 13, 2025 Plaintiff filed an Amended Complaint [ECF 32] naming Defendants and asserting eight (8) claims against them individually or collectively. These claims can be grouped into four categories and are as follows:

- **Group 1 – Vicarious Liability / Respondeat Superior Claims:**

    o **Count I** – Wrongful Death under C.R.S. §§ 13-21-202 and 13-21-201(1)(a)(I) ("the Wrongful Death Act") against All Defendants;

    o **Count II** – Negligence and Recklessness against All Defendants;

- **Group 2 – Negligent Hiring, Training, Supervision Claims:**

  - **Count III** – Negligent and/or Reckless Hiring / Supervision / Retention / "Negligent Selection" of Cruz against all Defendants;

  - **Count V** – Negligent and/or Reckless Hiring / Supervision / Retention / "Negligent Selection" of Monique Trucking against TQL, Intsel, Triple-S and Searing;

- **Group 3 – Negligent Undertaking Claims:**

  - **Count VII** – Negligent Undertaking against Intsel;

  - **Count VIII** – Negligent Undertaking against Triple-S and Searing;

- **Group 4 – Joint Venture / Joint Enterprise Claims:**

  - **Count X** – Joint Venture vs. All Defendants; and,

  - **Count XI** – Joint Enterprise Liability against All Defendants.

On October 27, 2025 Defendants filed a Motion to Dismiss [ECF 53] all claims asserted against them. Defendants' Motion to Dismiss is based on Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted. In short, Defendants content that the allegations, not the conclusory legal conclusions, set forth in the Amended Complaint fail to support the eight claims asserted against them.

Rather than defending the claims asserted in the Amended Complaint based on the facts alleged, Plaintiff has requested an extension of time to conduct discovery to try and support her claims against Defendants. Specifically, Plaintiff seeks to tie her response deadline to all parties, not just Defendants, compliance with the mandatory disclosures and Rule 26 Conference required by the Federal Rules of Civil Procedure.

2

It is worth pointing out that Defendants do not object to an extension, the objection is to tying the response to Plaintiff's ability to conduct discovery. This requested extension should be denied as the nature of the Defendants' Motion does not permit extrinsic documents, as Rule 12(b)(6) tests the sufficiency of the allegations against the claims asserted. Further, Plaintiff's requested extension is a thinly veiled admission that she lacks evidence to support the claims against Defendants and needs to conduct a fishing expedition in hopes of supporting the claims brought. This is not permitted by Rule 12(b) and thus should be denied.

## II. ARGUEMNT

The only reason to tie Plaintiff's response to the Rule 26 Conference and the Rule 26(a)(1) disclosures is to permit Plaintiff to conduct a fishing expedition to try and find facts to support her claims. Plaintiff felt that she had sufficient evidence to bring eight claims against Defendants without violating Fed.R.Civ.P. 11. Plaintiff now claims that she needs 1 document – a Master Transportation Agreement – to support her claims. Plaintiff didn't feel this document was necessary when she filed the Amended Complaint, but it now necessary to defeat the Motion to Dismiss. Plaintiff seems to be confusing a Rule 12(b)(6) motion with a Rule 56 motion for summary judgment.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)* (internal quotation marks omitted). "Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion, but exceptions to this general rule

include . . . documents incorporated by reference in the complaint[ and] documents referred to in and central to the complaint, when no party disputes its authenticity[.]" *Clinton v. Sec. Ben. Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023).  There is no reference to the Master Transportation Agreement in the Amended Complaint, thus the Court should not consider this document when ruling on the Motion.  "Rule 8. . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.ed.2d 686 (2009); see also *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002)(unpublished) ("The district court was not required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim."); *Francis v. Md.,* 2024 U.S. Dist. LEXIS 46824, 2024 WL 1156407, at 24 (D. Md. Mar. 18, 2024) ("It is well settled that a lawsuit is not a fishing expedition, and sufficient allegations are required to enable a party to conduct discovery."); *Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, 2011 WL 13100214, at *2 (S.D. Fla. Aug. 9, 2011) ("Parties may not file insufficient complaints with the hope of receiving discovery to make them sufficient.").

In fact, Plaintiff cannot rely upon new facts not asserted in the Amended Complaint, as "facts raised in a response brief cannot be used to survive a Rule 12(b)(6) motion. See *Warad W., LLC v. Sorin CRM USA Inc.*, 1196 F.Supp.3d 1294, 1305 (D.Colo. 2015) ("[W]hen deciding a Rule 12(b)(6) motion, this Court may not consider new allegations contained in a plaintiff's response."); see also *In re Qwest Commc'ns int'l, Inc.*, 396 F.Supp.2d 1178, 1203 (D.Colo. 2004) ("The plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss."). Thus, waiting for the Rule 26 Conference and Rule 26(a)(1) disclosures

is futile as anything learned in the process cannot alter the allegations contained in the Amended Complaint.

Rather, to survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ascroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. See, e.g., *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

It is exactly this that Defendants are contesting with its Motion to Dismiss – Plaintiff has failed to present sufficient facts or evidence to support her claims against Defendants. Plaintiff relies almost exclusively on conclusory legal conclusions to support her claims, which is inappropriate as a matter of law.

### III.    CONCLUSION

Defendants are permitted by the Rules of Civil Procedure to contest the sufficiency of the Amended Complaint without having to engage in discovery. And if Plaintiff needs discovery to try and defeat the Motion to Dismiss, that tantamount to admitting that the Amended Complaint

fails to pass Rule 12(b) muster.  Thus the Court should deny the request to tie Plaintiff's response to the Rule 26 Conference and Rule 26(a)(1) disclosures as being both a futile and violates the applicable standard for deciding Rule 12(b)(6) motions -as any documents obtained cannot be used in her response and the Court is testing the sufficiency of the pleading, not what might be presented at trial.

WHEREFORE, Intsel Steel West, LLC and Triple-S Steel Holdings, Inc. request that the Court deny Plaintiff's requested extension in so far as it ties the response date to the Rule 26 Conference and Rule 26(a)(1) disclosures.

Respectfully submitted this 26th day of November 2025.

JACHIMIAK PETERSON KUMMER, LLC


 /s/ *Mark J. Jachimiak*
Mark J. Jachmiak, No. 30044
Jachimiak Peterson Kummer,
860 Tabor Street, Suite 200
Lakewood, CO  80401
Phone:  303.863.7700
Fax: (303) 830-8772
Email:  mark@jpk.law
*Attorneys for Intsel Seel West LLC and Triple-S Steel Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of November 2025, I electronically filed the foregoing * with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Dan J. Caplis
Babar Waheed
Cajardo Lindsey
The Dan Caplis Law Firm LLC
6400 S. Fiddlers Green Circle, Suite 220
Greenwood Village, CO  80111
*Attorneys for Plaintiff*

Kevin G. Ripplinger
Bryan K. Patterson
Patterson Ripplinger, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO  80111
*Attorneys for Defendant Ignacio Cruz-Mendoza*

Brittney A. Vig
Christopher D. Yvars
Wilson, Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, CO  80202
*Attorneys for Defendant Monique Trucking, LLC*

 /s/*Krystal A. DiPerri*
Krystal A. DiPerri

7