**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00997-TPO

DEANN MILLER, as surviving spouse of SCOTT MILLER, deceased,

      Plaintiff,

v.

MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC,
TOTAL QUALITY LOGISTICS, LLC,
INTSEL STEEL WEST LLC,
TRIPLE-S STEEL HOLDINGS, INC., and
IGNACIO CRUZ-MENDOZA.

      Defendants.

---

**RESPONSE TO PLAINTIFF'S MOTION TO DIRECT DEFENDANT MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC TO FILE ITS ANSWER TO AMENDED COMPLAINT UNDER FED. R. CIV. P. 15(c) AND 15(a)(3)**

---

Defendant Manrique Agramon d/b/a Monique Trucking LLC,[1] by and through his

counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, submits this Response to Plaintiff's

Motion to Direct Defendant Manrique Agramon d/b/a Monique Trucking LLC to File its Answer

to the Amended Complaint, as follows:

---

[1] Defendant Manrique Agramon d/b/a Monique Trucking, LLC, through counsel, makes this special appearance to respond to the Motion concerning service of process requirements on him. By filing this Response, Defendant Manrique Agramon does not consent to or waive defenses to personal jurisdiction in this action. *See Marquest Med. Prods. v. EMDE Corp.*, 496 F. Supp. 1242, 1245 n. 2 (D. Colo. 1980) (citing authority for counsel's appearance and "filing of or participation in a motion does not necessarily entail a waiver to the defenses of lack of personal jurisdiction or improper venue").

## **SUMMARY OF RESPONSE AND PROCEDURAL HISTORY**

Federal Rule of Civil Procedure 15, which governs amended and supplemental pleadings, has no bearing on service of process required under Rule 4 and cannot effect service on a new defendant who has not previously been served in the action.  While Fed. R. Civ. P. 15(c) allows a claim in an amended pleading to "relate back **to the date** of the original pleading" under certain circumstances, it does not affect service of process. Plaintiff cannot use Rule 15(c) to bypass the other Rules of Civil Procedure or the due process rights of Mr. Agramon.

The relevant procedural history is as follows:

1.      On January 2, 2025, Plaintiff Deann Miller ("Plaintiff"), commenced this action in the District Court, County of Jefferson, Colorado, by filing a complaint ("Original Complaint") against "Monique Trucking, LLC, a California limited liability company," and the driver of the truck, Ignacio Cruz-Mendoza, an individual.  **ECF No. 4.**  Mr. Agramon was not named in the Original Complaint. *Id.*

2.      Plaintiff filed a Proof of Service for Monique Trucking, LLC representing that service of the Original Complaint and District Court Civil Summons to Monique Trucking, LLC was made by substituted service on Ivette Agramon, daughter of Manrique Agramon, as agent for service process for Monique Trucking, LLC. **ECF No. 7.**

3.      On March 27, 2025, Monique Trucking, LLC filed a Notice of Removal of this action to the United States District Court for the District of Colorado, **ECF No. 1,** and answered the Original Complaint, **ECF No. 12**.

4.　　　Plaintiff then filed an Amended Complaint, docketed on August 13, 2025, **ECF No. 32**, that removed "Monique Trucking, LLC" as a defendant and added new defendants, including "Manrique Agramon d/b/a Monique Trucking, LLC."

5.　　　Recognizing the need to issue and serve a new summons with Amended Complaint on Mr. Agramon, Plaintiff requested that the Court issue a summons directed to "Manrique Agramon d/b/a Monique Trucking, LLC," **ECF No. 35**, which the Court issued on August 28, 2025, **ECF No. 41.**

6.　　　Undersigned counsel has conferred with Plaintiff's counsel to properly name Monique Trucking, LLC as the LLC defendant or, if proceeding against Manrique Agramon, to effect service on him, as he is not properly before the Court absent service.  However, Plaintiff continues to assert the claims against Mr. Agramon, exposing him to liability for the alleged acts of the LLC. Thus, service must be effected on Mr. Agramon to comply with due process of law.

## LEGAL STANDARD

In all civil actions, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).  The summons must name the court and the parties and be directed to the defendant named.  Fed. R. Civ. P. 4(a)(1).  Serving a summons establishes personal jurisdiction over a defendant. *Tomelleri v. Medl Mobile, Inc.*, 657 Fed. Appx. 793, 794 (10th Cir. 2016); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 ) (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992) ("[S]ervice of process provides the mechanism by which a court having

venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the person of the party served.")

A corporation or other association must be served in accordance with Fed. R. Civ. P. 4(h), either in the manner prescribed for serving an individual or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

An individual must be served in accordance with Fed. R. Civ. P. 4(e) by following state law where the action is brought or by delivering a copy of the summons and complaint to the individual personally, at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 15 for amended and supplemental pleadings, on the other hand, does not involve the requirements for service of process or the proper method for effectuating service of process. Fed. R. Civ. P. 15(a) provides the circumstances when a party may amend its pleading before trial. Specifically, as applicable here, Fed. R. Civ. P. 15(c) provides:

> **(c) Relation Back of Amendments.**
> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thus, relation back controls the appropriate "date of the original pleading," but does not by its plain language or case law, change the requirement for service of process under Rule 4. *See id.*

## LEGAL ARGUMENT

### A. *Plaintiff's Amended Complaint Does Not Correct a Misnomer but Improperly Changes the Defendant from the LLC to an Individual Who Cannot Be Liable for the LLC*

Initially, Plaintiff argues that this is a case of a "misnomer" or "mistake in identity" of the correct defendant, such that relation back under Rule 15 should be found. While Plaintiff maintains that she is merely correcting the name of the same trucking operation already sued, there can be no question that this is not correcting the name of an LLC but changing the named defendant from an LLC to an individual, thereby potentially exposing that individual to personal liability for the claims asserted. This is not a mere correction as to a misnomer or misidentification, but a substantial, material change in the party being sued.

A limited liability company (LLC) is an unincorporated, statutorily created business entity, whose members and managers are not personally liable for the debts or obligations of the LLC. *See* C.R.S. §§ 7-80-103, 7-80-705. Where a valid LLC exists and is operating as an LLC for the acts alleged, the claims properly lie against the LLC and not individuals who are members, managers, or registered agents. *Id.; United States v. Van Diviner,* 822 F.2d 960, 963 (10th App. 1987); *see also Earl W. Schott, Inc. v. Kalar*, 20 Cal. App. 4th 943, 946 (5th Dist. Ct. App. 1993) (commenting that "To obtain an enforceable judgment [], the complaint must name

5

the business entity in its right capacity" is a statement that is accurate beyond doubt and identifying supporting authority).

Here, despite having initially asserted claims against "Monique Trucking, LLC" "a California limited liability company" that "conducted freight transportation activities in Jefferson County, Colorado" as the events giving rise to this action, Plaintiff has now named "Manrique Agramon d/b/a Monique Trucking LLC" as the defendant. Regardless of what is listed on third-party documents by the Department of Transportation or insurance company, both of which apply to the legal entity Monique Trucking, LLC, it is undisputed that a valid LLC exists and that the party Plaintiff seeks to bring claims against is the LLC. *See. Am. Compl.*, ¶ 4. Manrique Agramon is not a limited liability company, but an individual who cannot be liable for the acts or omissions of the LLC that are the subject of this action. While no acts are alleged by Mr. Agramon, naming of him as a defendant exposes him to personal liability, rather than the LLC that engaged in the business and acts alleged.

Further, Plaintiff has not shown that Mr. Agramon knew or should have known that he individually would be brought as a defendant in this action for the allegations against the LLC. This result would defeat the very purpose of organizing a business entity that protect members, managers, and registered agents from individual liability.

Despite conferral on these issues, Plaintiff refuses to properly name the LLC. As such, if Plaintiff wishes to proceed against Mr. Agramon, she must effect service on him as a new defendant, despite that those claims are not likely viable and are subject to dispositive relief.

**B. *Service is Required on the New Defendant Manrique Agramon***

Plaintiff attempts to invoke Fed. R. Civ. P. 15(c) to avoid effecting personal service on Manrique Agramon with the Amended Complaint and a summons directed to him. However, Rule 15(c) allows relation back "to the <u>date</u> of the original filing," a filing date that necessarily precedes any subsequent service of process. The Rule applies to situations in which the original complaint was timely filed but the plaintiff later seeks to add or substitute defendants after the applicable statute of limitations has expired. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022).

In *Rodriguez*, the Seventh Circuit explained, "[a] plaintiff may be able to replace or add defendants after the period of limitations has run by using the relation-back doctrine of Fed. R. Civ. P. 15(c)(1)(C)." *Id.* at 1121-22. Further, in explaining the Rule's reference to Rule 4(m), "Rule 4(m) requires service of the complaint and summons within 90 days after the complaint's filing. This sets a limit on how long, after the statute of limitations has lapsed, a defendant (or prospective defendant) may be required to go without notice of the suit." *Id.* at 1122.

Here, there is no issue concerning the statute of limitations or the timely filing of the August 13, 2025 Amended Complaint. The accident giving rise to this action occurred on June 11, 2024, and is subject to a three-year statute of limitations under C.R.S. § 13-80-101. Thus, the issue is not whether the Amended Complaint filing <u>date</u> should relate back to the Original Complaint filing <u>date</u> under Rule 15(c) to avoid the statute of limitations, but whether a timely Amended Complaint must still be served in accordance with Rule 4. Defendants have not located any case holding that, on these facts, a plaintiff may use Rule 15(c) to bypass Rule 4's service requirements.

As such, Defendant respectfully requests that the Court deny Plaintiff's Motion and order Plaintiff to effect service on Manrique Agramon, an individual named in this action, in accordance with Rule 4 or grant such other appropriate relief concerning service under Rule 4.

## CONCLUSION

Plaintiff has chosen to sue an individual, Manrique Agramon, for the acts of a limited liability company, Monique Trucking, LLC.  Identifying the Defendant as "Manrique Agramon d/b/a Monique Trucking, LLC" does not change that Plaintiff now is bringing claims against an individual doing business as "Monique Trucking, LLC" who has not been served. If Plaintiff wishes to proceed in this manner, regardless of the pitfalls of suing an individual for the acts or omissions of a valid entity, she must comply with Rule 4 and effect service on Mr. Agramon.

WHEREFORE, Defendant Manrique Agramon, requests the Court deny Plaintiff's Motion and order that Plaintiff effect service on him or seek other appropriate relief under Fed. R. Civ. P. 4.

Respectfully submitted this 1st day of December 2025.

By: */s/ Brittney A. Vig*
Brittney A. Vig
Christopher D. Yvars
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, Colorado 80202
Tel:  (303) 572-5300
Fax: (303) 573-5301
Email: brittney.vig@wilsonelser.com
chris.yvars@wilsonelser.com
*Attorneys for Defendant Manrique Agramon*
*d/b/a Monique Trucking LLC*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of December 2025, a true and correct copy of the foregoing **RESPONSE TO PLAINTIFF'S MOTION TO DIRECT DEFENDANT MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC TO FILE ITS ANSWER TO AMENDED COMPLAINT UNDER FED. R. CIV. P. 15(c) AND 15(a)(3)** was electronically filed with the Clerk of Court and served to the parties of record using the CM/ECF system.

Dan J. Caplis
Babar Waheed
Cajardo Lindsey
John Kellner
The Dan Caplis Law Firm LLC
6400 S Fiddlers Green Circle, Ste 220
Greenwood Village CO 80111
dan@caplislaw.com
bw@caplislaw.com
cajardo@caplislaw.com
Corey S. Suda
Edward J. Ciarimboli
Job T. Stepahanski
Fellerman & Ciarimboli Law, P.C.
csuda@fclawpc.com
ejc@fclawpc.com
jstepanski@fclawpc.com
Attorneys for Plaintiff

Kevin G. Ripplinger
Bryan K. Patterson
Patterson Ripplinger P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
kripplinger@prpclegal.com
bpatterson@prpclegal.com
Attorneys for Defendant Ignacio Cruz-Mendoza

Michael J. Decker
Gordon A. Queenan
Murphy & Decker, P.C.
730 17th Street, Suite 925
Denver, CO 80202
mdecker@murphydecker.com
gqueenan@murphydecker.com
Attorneys for Searing Industries, Inc.

Theodore J. O'Brien
Allison R. Burke
Taft Stettinius & Hollister, LLP
675 15th Street, Suite 2300
Denver, CO 80202
tobrien@taftlaw.com
aburke@taftlaw.com
Attorneys for Total Quality Logistics, LLC

Mark J. Jachimiak
Brandon O. Hawkins
Jachimiak Peterson Kummer, LLC
860 Tabor Street, Suite 200
Lakewood, CO 80401
mjachimiak@jpk.law
Attorneys for Intsel Steel West LLC and Triple-S Steel Holdings, Inc.

By: _/s/ Brittney A. Vig_
    Brittney A. Vig
    Christopher D. Yvars
    Wilson Elser Moskowitz Edelman & Dicker LLP
    1225 17th Street, Suite 1700
    Denver, Colorado 80202

9

Tel:  (303) 572-5300
Fax: (303) 573-5301
Email: brittney.vig@wilsonelser.com
        chris.yvars@wilsonelser.com
*Attorneys for Defendant Manrique Agramon*
*d/b/a Monique Trucking LLC*