## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **DEANN MILLER, as Surviving Spouse of SCOTT MILLER, deceased** | : | **CIVIL ACTION –LAW** |
| | : | |
| **PLAINTIFF,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| | : | **NO:  1:25-cv-00997-TPO** |
| **MANRIQUE AGRAMON d/b/a MONIQUE TRUCKING LLC; TOTAL QUALITY LOGISTICS LLC; INSTEL STEEL WEST LLC; TRIPLE-S STEEL HOLDINGS, INC.; SEARING INDUSTRIES, INC.; and IGNACIO CRUZ-MENDOZA** | : : : : : : : : | |
| | : | |
| **DEFENDANTS** | : | |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS TO DISMISS FILED BY DEFENDANTS' TOTAL QUALITY LOGISTICS LLC, INSTEL STEEL WEST LLC AND TRIPLE-S STEEL HOLDINGS, INC.

**COMES NOW**, Plaintiff, Deann Miller, as the surviving spouse of Scott Miller, by and through her attorneys, The Dan Caplis Law Firm, LLC and Fellerman & Ciarimboli Law, P.C., to submit this Reply in Support of her Motion for Extension of Time to Respond to Motions to Dismiss Filed by Defendants' Total Quality Logistics LLC, Instel Steel West LLC and Triple-S

1

Steel Holdings, Inc., and alleges as follows:

## I.  INTRODUCTION AND BACKGROUND

Plaintiff filed the Complaint in this matter on January 2, 2025 against Monique Trucking LLC and Ignacio Cruz-Mendoza. *See* ECF 4. On June 9, 2025, the Parties advised the Court that Plaintiff would file an Amended Complaint with no objection from Defendants. On August 13, 2025, Plaintiff filed an Amended Complaint naming Manrique Agramon d/b/a Monique Trucking LLC, Total Quality Logistics LLC, Instel Steel West LLC, Triple-S Steel Holdings, Inc., Searing Industries, Inc. and Ignacio Cruz-Mendoza as Defendants. *See* ECF 32. On October 27, 2025, Defendants Instel Steel West LLC and Triple-S Steel Holdings LLC filed a Motion to Dismiss asking this Court to dismiss all claims alleged by Plaintiff against them. *See* ECF 53. Similarly, on November 10, 2024, Defendant Total Quality Logistics LLC filed a Motion to Dismiss seeking dismissal of claims against Total Quality Logistics. *See* ECF 62.

On November 13, 2025, a hearing was held before this Honorable Court. *See* ECF 69. At the November 13, 2025 hearing, counsel for Plaintiff articulated that there have not been initial disclosures under Federal Rule of Civil Procedure 26 exchanged by the Parties and that such disclosures may be relevant and necessary in responding to Defendants' Motions to Dismiss. However, the Rule 26 Conference is not likely to be held within twenty-one (21) days of the filing of this motion. To that end Plaintiff requests that this Honorable Court extend Plaintiff's deadline to respond to the Motions to Dismiss filed by Defendants to fourteen (14) days after the initial Rule 26 Conference.

## II.  ARGUMENT

1.  We have allegations based on documents and testimony however defendants could have additional docs. All we asking for is compliance with Rule 26 compliance

Federal Rule of Civil Procedure 26 provides that without awaiting formal discovery requests the parties must disclose "a copy – or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Lasher v. Wipperfurth, 2018 WL 10911500, at *1 (D. Colo. 2018) *quoting* Fed R. Civ. P. 26(a)(1). Further, "[t]he mandatory requirements under Rule 26(a)(1) are designed to accelerate the exchange of basic information, to 'help focus the discovery that is needed, and facilitate preparation for trial and settlement.'" Lobato v. Ford, 2007 WL 2593485, at *5 (D. Colo. 2007), aff'd, 2007 WL 9666115 (D. Colo. 2007).

Contrary to Defendants' mischaracterizations, Plaintiff is simply requesting that compliance with Rule 26 disclosures be completed prior to responding to the dismissal motions of Defendants. Plaintiff's Amended Complaint is based in part on documents and deposition testimony already obtained by the Plaintiff in this case. Plaintiff simply seeks compliance with the requirements of Rule 26 to review documents that Defendants deem essential to the litigation, which is far from an endless fishing expedition as Defendants describe. Nevertheless, as originally stated in Plaintiff's Motion, Plaintiff is ready and willing to comply with any ruling by this Honorable Court.

## III.    CONCLUSION

Plaintiff respectfully requests that the Court grant Plaintiff's request for an extension of time to file responses to Defendants' Motions to Dismiss until fourteen (14) days after the Rule 26 Conference.

Respectfully submitted this 1st day of December 2025.

3

Respectfully submitted,

/s/ Edward J. Ciarimboli\_\_\_\_
Edward J. Ciarimboli, Esquire
Corey S. Suda, Esquire
Job T. Stepanski, Esquire
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
ejc@fclawpc.com
csuda@fclawpc.com
jstepanski@fclawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December 2025, I electronically filed the foregoing Reply in Support of Plaintiff's Motion for Extension of Time with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties:

Kevin G. Ripplinger, Esquire
Bryan K. Patterson, Esquire
Patterson Ripplinger, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
*Counsel for Defendant Ignacio Cruz-Mendoza*

Brittney A. Vig, Esquire
Christopher D. Yvars, Esquire
Wilson Elser Moskowitz Edelman & Decker LLP
1225 17th Street, Suite 1700
Denver, CO 80202
*Counsel for Defendant Monique Trucking LLC*

Mark J. Jachimiak, Esquire
Jachimiak Peterson Kummer
860 Tabor Street, Suite 200
Lakewood, CO 80401
*Counsel for Defendants Intsel Steel West LLC and Triple-S Steel Holdings, Inc.*

Allison R. Burke, Esquire
Theodore J. O'Brien, Esquire
Taft Stettinius & Hollister LLP
675 Fifteenth Street, Suite 2300
Denver, CO 80202
*Counsel for Defendant Total Quality Logistics LLC*

4